NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROOSEVELT LEE LP,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>YONG SUN KIM,<br><br>　　　Defendant. | No. 25cv4218 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Roosevelt Lee LP ("Roosevelt") brings an action to recover on a purported debt owed by non-party Mukeunji II Inc. ("Mukeunji") by enforcing a guaranty against Defendant Yong Sun Kim.  D.E. 4-6 ("Second Amended Complaint" or "SAC") ¶¶ 1–8.  Mukeunji was the subject of a Title 11 bankruptcy proceeding in the Eastern District of New York, in which Roosevelt recovered (in part) on the debt at issue.  D.E. 1 ("Notice of Removal" or "NOR") at ¶¶ 1–3.

Pursuant to 28 U.S.C. § 1452, Kim removed Roosevelt's action from New Jersey Superior Court, Bergen County, Law Division ("State Court") to this Court.  *Id.*  Roosevelt filed a motion pursuant to 28 U.S.C. §§ 1447 and 1452(b) to remand this action back to State Court.  D.E. 4-11[1] ("Motion to Remand").  In a single filing, Kim opposes Roosevelt's Motion for Remand and cross-moves to refer this action to the District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 157 and 1412 for referral to the bankruptcy judges in that district.  D.E. 12-1[2] ("Motion

---

[1] Roosevelt filed his notice of motion at D.E. 4.  For ease of reference, the Court refers to its memorandum of law filed at D.E. 4-11.
[2] Kim filed his notice of motion at D.E. 12.  For ease of reference, the Court refers to his memorandum of law filed at D.E. 12-1.

to Refer"). In a single filing, Roosevelt replies in support of its Motion to Remand and opposes Kim's Motion to Refer. D.E. 14. Kim replies in support of his Motion to Refer. D.E. 15.

The Court decides the Motion to Remand and the Motion to Refer without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **GRANT** Roosevelt's Motion to Remand, **REMAND** back to State Court, and **DENY** Kim's Motion to Refer as moot.

## I.    BACKGROUND

### A.    Factual Background

In 2011, Roosevelt entered into a commercial lease agreement with Mukeunji and Kim. NOR ¶ 2; SAC ¶ 1. Roosevelt agreed to lease a New York property to Mukeunji to use as a restaurant and Kim agreed to guarantee Mukeunji's obligations to Roosevelt under the lease. NOR ¶ 2. During COVID-19, however, Mukeunji defaulted on the lease and thereafter filed for Title 11 bankruptcy. *Id.* ¶ 3; SAC ¶ 4. Roosevelt alleges that pursuant to the lease's terms, Mukeunji owed Roosevelt a sum of $2,162,459.76, exclusive of interest and attorneys' fees. SAC ¶ 8. And because Kim guaranteed Mukeunji's obligations under the commercial lease agreement, Roosevelt contends that it may recover any unpaid sum from Kim. *Id.*

### B.    The Bankruptcy Proceeding

Mukeunji filed for Title 11 bankruptcy in the Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") on June 30, 2021. *In re Mukeunji II, Inc.*, No. 21-41737 (Bankr. E.D.N.Y.) ("Bankruptcy Case"). During proceedings, Mukeunji asserted that it owed Roosevelt $1,000,557.15 and described the amount as disputed. NOR ¶ 3; *see* Bankruptcy Case, D.E. 9. On July 7, 2021, Roosevelt filed a proof of claim stating that Mukeunji owed it only $109,551.28. NOR ¶ 4. Roosevelt contends that it committed a clerical error while submitting this low proof of

2

claim.  Motion to Remand at 8.  Relying on Roosevelt's proof of claim, however, the Bankruptcy Court approved Mukeunji's proposed reorganization plan which provided for paying all claims in full.  *Id.* (citing Bankruptcy Case, D.E. 50).  Mukeunji paid all debts provided for and the Bankruptcy Court closed proceedings on October 6, 2022.  NOR ¶ 3.

### C.    State Court Proceeding

Several months after the Bankruptcy Case closed, Roosevelt sued Kim in State Court on May 31, 2023 to recover from Kim the portion of Mukeunji's debt that Roosevelt mistakenly failed to ask for in the Bankruptcy Case.  *Roosevelt Lee 38, LLC v. Young*, BER-L-2854-23 (N.J. Super. Ct., Law Div.) ("State Case").  The parties completed discovery, briefed summary judgment, and the State Court scheduled trial for May 2025.[3]  *See, e.g.*, *id.*, LCV20251025618, LCV202589161.

### D.    Current Posture

Mukeunji separately moved to reopen the Bankruptcy Case to address Roosevelt's suit against Kim in State Court.  Bankruptcy Case, D.E. 77.  The Bankruptcy Court granted that request and reopened proceedings on April 18, 2025.  *See id.*, D.E. 83.  On April 28, 2025, the State Court canceled the scheduled trial after Kim filed a notice of removal.  *See id.*, LCV20251247934.  On May 13, 2025, Kim then removed this action to this Court.  NOR.  The parties' motions followed.

## II.    LEGAL STANDARD

### A.    Subject Matter Jurisdiction

Subject matter jurisdiction for cases in bankruptcy is governed by 28 U.S.C. § 1334.  *In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004).  The statute provides district courts with "original and exclusive jurisdiction of all cases under Title 11" and "original but not exclusive

---

[3] The parties' summary judgment motions have not been decided.  *See* State Case.

jurisdiction of all civil proceedings arising under Title 11 or arising in or *related to* cases under Title 11." 28 U.S.C. § 1334(a)–(b) (emphasis added).

### B.    Removal

Removal is governed by 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027. If a district court has jurisdiction over a civil action pursuant to § 1334, a party may seek removal of the civil action to the district court under § 1452(a).  § 1452 does not impose a time limit for removal, but the Federal Rules of Bankruptcy Procedure do.

Federal Rule of Bankruptcy Procedure 9027 sets rules on how soon a party must file a notice of removal in a state court action when seeking referral to a federal bankruptcy proceeding. Fed. R. Bankr. P. 9027(a)(2)–(3).  The rules for timely filing depend on whether the bankruptcy proceeding's institution precedes or succeeds the state court action's institution.  When the state court action's institution precedes the bankruptcy proceeding's institution, Rule 9027(a)(2) applies, and a party has the longest of the following three periods within which to seek removal:

(A) 90 days after the order for relief in the bankruptcy case;
(B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay is entered; or
(C) in a Chapter 11 case, 30 days after the trustee qualifies—but no later than 180 days after the order for relief.

Rule 9027(a)(2)(A)–(C).

When the state court action's institution succeeds the bankruptcy proceeding's institution, Rule 9027(a)(3) applies, and a party has the shortest of the following two periods within which to seek removal:

(A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or
(B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3)(A)–(B).

4

### C.       Equitable Remand

Notwithstanding compliance with §§ 1334, 1452(a), and Federal Rule of Bankruptcy Procedure 9027, a district court may nonetheless remand any action arising under § 1452(a) back to the state court from which the action was removed "on *any* equitable ground."  28 U.S.C. § 1452(b) (emphasis added).  An order remanding or declining to remand under § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court of the United States . . . ." *Id.*

## III.   DISCUSSION

Although this Court has subject matter jurisdiction over the action under § 1334(b), removal was untimely under Fed. R. Bankr. P. 9027 and equity counsels in favor of remand under § 1452(b).  The Court will therefore **GRANT** the Motion to Remand, **REMAND** this action to State Court, and **DENY** the Motion to Refer as moot.

### A.       This Court Has Subject Matter Jurisdiction Under § 1334(b)

Because this action is related to the bankruptcy proceeding pending in the Eastern District of New York, this Court may exercise jurisdiction over the case pursuant to § 1334(b).  An action is related to bankruptcy if "the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) (emphasis removed).  An action need not have been brought against the debtor to qualify as "related to" the bankruptcy proceeding. *Id.*

Roosevelt seeks to enforce a debt against Kim as the guarantor of Mukeunji's debt.  As a result of this posture, it is conceivable that the State Court could hold Kim liable for the rest of the debt that Roosevelt failed to collect in the Bankruptcy Case.  This result would force Kim to return

5

to Bankruptcy Court to pursue an indemnification claim against Mukeunji's estate to cover the debt.  Indeed, Mukeunji raised these concerns in its motion to reopen the Bankruptcy Case—a motion that the Bankruptcy Court granted.  *See* Bankruptcy Case, D.E. 77 at 7.

This action therefore satisfies "related to" jurisdiction under § 1334(b).  *See Pacor*, 743 F.2d 994–95 (explaining that an action between a landlord and a guarantor of a debtor's lease agreement "could and would affect the [debtor's] estate in bankruptcy"); *47 East 34th Street (NY), L.P. v. BridgeStreet Worldwide, Inc.*, No. 20-9978, 2021 WL 2012296, at *7 (S.D.N.Y. May 20, 2021) (collecting cases finding "related to" jurisdiction where a defendant has a reasonable basis to bring a claim for indemnification against the debtor in the bankruptcy proceeding).  This Court therefore has subject matter jurisdiction over this action.

### B.      Removal was Improper

Removal is proper under § 1452 but not under Rule 9027.  As discussed above, a party can remove an action to a district court so long as the district court has subject matter jurisdiction under § 1334.  *See supra* Section II.B.  Because this Court determined that is has "related to" subject matter jurisdiction pursuant to § 1334(b), removal was therefore proper under § 1452(a).

Nevertheless, removal is untimely.  Kim argues that removal was timely because he filed his Notice of Removal within thirty days of the Bankruptcy Case's reopening and therefore filed within the time period permitted by Rule 9027(a)(2).  NOR ¶¶ 8–9.  But Rule 9027(a)(2) applies only when the bankruptcy proceeding commences *after* the related civil case commences.  *See* Rule 9027(a)(2) ("Time to File When the Claim Was Filed Before the Bankruptcy Case Is Commenced").  Kim mistakenly assumes that because the Bankruptcy Case closed and *reopened* after the State Case commenced, it qualifies as having commenced after the State Case did.  *See* NOR ¶¶ 8–9.  But it is "well established" that reopening a bankruptcy proceeding does not restart

the time at which the bankruptcy proceeding "commence[s]." *See In re Estiatorio Ent. Ltd.*, 669 B.R. 676, 687 (Bankr. S.D.N.Y. 2025) (collecting cases).  As a result, the Bankruptcy Case commenced on June 30, 2021 for purposes of Rule 9027, *before* the State Case commenced on May 31, 2023.  Rule 9027(a)(3)—which governs how much time a party has to remove when the bankruptcy proceeding has *already* commenced—therefore applies, not Rule 9027(a)(2).  *See* Rule 9027(a)(3) ("Time to File When the Claim Was Filed After the Bankruptcy Case Is Commenced").

Because Rule 9027(a)(3) provides litigants with only thirty days to file a notice of removal after being served with either the initial pleadings or the summons setting forth the basis for related-to jurisdiction, Kim had only thirty days following Roosevelt's execution of service in the State Court Action.  Rule 9027(a)(3); *see supra* Section II.B.  Kim was served in the State Case in June 2023.  State Case, LCV20231772271.  Kim's deadline to remove therefore passed *more than two years ago*.  Removal was therefore untimely under Rule 9027(a)(3).

## C.    Remand is also warranted on equitable grounds

Notwithstanding Kim's deficient removal under Rule 9027, remand is also warranted on equitable grounds under § 1452(b).  There are seven factors district courts analyze to determine whether equitable remand is appropriate under § 1452(b):

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to involuntarily removed defendants.

*In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 760 (Bankr. D.N.J. 1996) ("*Donnington* Factors").

*Donnington* Factor (3) cuts slightly against remand but *Donnington* Factors (2) and (4) cut strongly in favor of it.  At issue is a straightforward contractual action resolving Kim's obligations

7

under the lease as guarantor of Roosevelt's debt. *See Schumacker v. White*, 429 B.R. 400, 405 (E.D.N.Y. 2010). Because issues of state law therefore predominate, the State Court is well-suited to resolve this action. The parties have also proceeded before the State Court for years: summary judgment was fully briefed, and trial was scheduled. At this point, notions of comity and judicial economy warrant having the State Court adjudicate this action. *See In re Mid-Atl. Handling Sys., LLC*, 304 B.R. 111, 125 (D.N.J. 2003). *Donnington* Factors (2) and (4) therefore outweigh (3) and counsel in favor of remand.

The other *Donnington* Factors are neutral. For example, although this action is "related to" to the Bankruptcy Case, Kim's claim against Mukeunji's estate has not yet ripened. There may be no need for the Bankruptcy Court to take any action at all. Factors (1) and (5) do not, therefore, warrant referral. *In re Topfer*, 587 B.R. 622, 634 (Bankr. M.D. Pa. 2018) (finding factors neutral when the pending action would at most, have a collateral effect on the bankruptcy proceeding). There is also no indication that the parties are entitled to or have requested a jury trial. Factor (6) is therefore also neutral. Finally, factor (7) considers the prejudice to the involuntarily removed party but prejudice in this case cuts both ways. Kim's notice of removal was untimely by a matter of years. On the other hand, Roosevelt seeks to circumvent the consequences of its error before the Bankruptcy Court. *Donnington* Factors (1), (5), (6), and (7) are therefore neutral.

Because removal is untimely and equity warrants remand, this Court will **GRANT** Roosevelt's Motion to Remand, **REMAND** this action back to State Court, and **DENY** Kim's Motion to Refer as moot.

**IV.    CONCLUSION AND ORDER**

Having determined that Roosevelt did not timely remove this action under Federal Rule of Bankruptcy Procedure 9027(a)(3), the Court will **GRANT** Roosevelt's Motion to Remand, **REMAND** this action to the Bergen County Court of New Jersey, and **DENY** Kim's Motion to Refer.  Accordingly,

**IT IS**, on this 27<u>th</u> day of February, 2026,

**ORDERED** that Roosevelt's Motion to Remand, D.E. 4, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **REMAND** this action to the New Jersey Superior Court, Bergen County, Law Division; and it is further

**ORDERED** that the Clerk of Court shall mail to the Clerk of the New Jersey Superior Court, Bergen County, Law Division, a certified copy of this Memorandum Order; and it is further

**ORDERED** that Kim's Motion to Transfer, D.E. 12, is **DENIED**; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case.


_____
Evelyn Padin, U.S.D.J.

9